FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
___PINE BLUFF___ DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSA
SEP 30 1999
JAMES W. McCORMACK, CLERK
By: _____ DEPT. CLERK

PAUL STAFFORD #92610
_____

(Enter above the full name of the plaintiff, or plaintiffs, in this action.)

v.                                                      CASE NO. LR-C-99-742

WARDEN CLIFFORD TERRY; DR. FORT
CMS MEDICAL SERVICES; BROOKS PARKS,
TREATMENT COORDINATOR; SGT. DAVENPORT; SGT. ANDREWS

(Enter above the full name of defendant or defendants, in this action.)

This case assigned to District Judge __Wright__
and to Magistrate Judge __Forster__

I.   Previous Lawsuits

   A.   Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

        Yes _____    No ✓

   B.   If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

        1.   Parties to this lawsuit

             Plaintiffs: _____
             _____

             Defendants: _____
             _____

        2.   Court (if federal court, name the district; if state court, name the county: _____
             _____

3. Docket Number: _____

4. Name of judge to whom case was assigned: _____

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____

6. Approximate date of filing lawsuit: _____

7. Approximate date of disposition: _____

II. Place of Present Confinement: **ARKANSAS DEPARTMENT OF CORRECTION**

III. There is a prisoner grievance procedure in the Arkansas Department of Correction. **Failure to complete the grievance procedure may affect your case in federal court.**

   A. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

   Yes ✓    No _____

   B. If your answer is YES, Attach copies evidencing completion of the final step of the grievance appeal procedure. **FAILURE TO ATTACH THE REQUIRED COPIES MAY RESULT IN THE DISMISSAL OF YOUR COMPLAINT.**

   C. If your answer is NO, explain why not: _____
   _____
   _____

IV. Parties
(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

   A. Name of plaintiff: **PAUL STAFFORD #92610**
   Address: **WRIGHTSVILLE UNIT, P.O. BOX 1000**
   **WRIGHTSVILLE AR 72183-1000**

   Name of plaintiff: _____
   Address: _____
   Name of plaintiff: _____
   Address: _____

-2-

(In item B below, place the <u>full</u> name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.)

Defendant: CLIFFORD TERRY

Position: WARDEN

Place of employment: WRIGHTSVILLE UNIT

Address: P.O. BOX 1000, WRIGHTSVILLE, AR 72183-1000


Defendant: DR. FORT

Position: MEDICAL SERVICE PROVIDER

Place of employment: WRIGHTSVILLE UNIT

Address: P.O. BOX 1000, WRIGHTSVILLE, AR 72183-1000


Defendant: BROOKS PARKS

Position: TREATMENT COORDINATOR

Place of employment: WRIGHTSVILLE UNIT

Address: P.O. BOX 1000, WRIGHTSVILLE, AR 72183-1000


Defendant: SGT. DAVENPORT

Position: CORRECTIONAL SERGEANT

Place of employment: BRICKEY'S UNIT (E.A.R.U.)

Address: P.O. BOX 180, BRICKEY'S, AR 72360


Defendant: SGT. ANDREWS

Position: CORRECTIONAL SERGEANT

Place of employment: BRICKEY'S UNIT (E.A.R.U.)

Address: P.O. BOX 180, BRICKEY'S, AR 72380

V.  Statement of Claim

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

This action, being brought pursuant to the Civil Rights Act of 1871, as amended and codified 42 U.S.C. §1983. The jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 & 1343 -also- 28 U.S.C. §1367(d) (for possible state law violations of attempted battery and even fraud).

Plaintiff, currently an inmate in the Arkansas Department of Correction. At all times relevant and mentioned to
<u>⊦cont. on next page(s)</u>

VI.  Relief

<u>State briefly exactly what you want the court to do for you.</u> Make no legal arguments. Cite no cases or statutes.

6.4 Million in Actual Damages for <u>Injuries Suffered</u>
3.2 Million in Punitive for Mental & Emotional Stress
Declaratory & Injunctive Relief
Jury Trial Demand & All Other Equitable Relief

I declare under penalty of perjury (18 U. S. C. § 1621 that the foregoing is true and correct.

Executed on this _21_ day of _Sept._ , 19_99_.

_[signature]_
_____
Signature(s) of plaintiff(s)

HEREIN, HAS SUFFERED AT THE HANDS OF THE DEFENDANTS, WHO WILL BE NAMED BELOW. PLAINTIFF SEEKS TO REDRESS THE DEPRIVATION OF RIGHTS SECURED UNDER THE UNITED STATES CONSTITUTION, PARTICULARLY, AMENDMENTS EIGHT (8), NINE (9) AND FOURTEEN (14).

PLAINTIFF INVOKES JURISDICTION SEEKING DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO 28 U.S.C. §§ 2201 & 2202 PLUS -- TO BE PROVIDED PRELIMINARY INJUNCTIVE RELIEF PURSUANT TO 28 U.S.C. § 1331 and Rule 65(a)(1)(2) and Rule 65(b), F.R. Civ. P. TO BE PROVIDED AN IMMEDIATE HEARING DUE TO THAT IF IT'S NOT GRANTED, PLAINTIFF WILL SUFFER IRREPARABLE HARM.

THE DEFENDANT, Clifford Terry, AT ALL TIMES RELEVANT AND MENTIONED TO HEREIN, IS THE Warden AT THE WRIGHTSVILLE UNIT, WITH THE GENERAL AND SUPERVISORY AUTHORITY OF THE WRIGHTSVILLE UNIT, INCLUDING OVER ANY AND ALL SUBORDINATE OFFICIALS - SUCH AS DEFENDANT, Brooks Parks.

THE DEFENDANT, Brooks Parks, AT ALL TIMES RELEVANT AND MENTIONED TO HEREIN, IS THE TREATMENT COORDINATOR OF THE WRIGHTSVILLE UNIT, WITH

THE RESPONSIBILITY TO CLASSIFY INMATES AT THE WRIGHTSVILLE UNIT. THE DEFENDANT, Pack IS ALSO RESPONSIBLE FOR JOB ASSIGNMENTS THAT INMATES PERFORM AT WRIGHTSVILLE UNIT, IN CONJUNCTION WITH THE INMATE'S MEDICAL STATUS AND ABILITIES.

THE DEFENDANT, DR. FORT, AT ALL TIMES RELEVANT AND MENTIONED HEREIN, IS A MEDICAL DOCTOR UNDER CONTRACT WITH THE A.D.C. THROUGH CMS MEDICAL SERVICES. FORT IS A DEFENDANT WHO PROVIDED HARMFUL, MIS-JUDGING AND WRONGFUL MEDICAL SERVICES ON STAFFORD, AND FAILED TO AID IN CHANGING THE MEDICAL CLASSIFICATION OF STAFFORD'S, DESPITE SERIOUS INJURIES THAT WERE SUFFERED AND THAT STAFFORD CONTINUES TO HAVE TO ENDURE PHYSICAL LABORS IN THE FIELD BECAUSE OF SUCH FAILURES TO GET MEDICAL HELP.

THE DEFENDANTS, DAVENPORT AND ANDREWS, AT ALL TIMES RELEVANT AND MENTIONED HEREIN, ARE THE PARTIES WHO USED ACTUAL, CONSTRUCTIVE AND GROSS NEGLIGENCE IN THIS CASE IN QUESTION

AND WHO WERE RESPONSIBLE FOR CAUSING THE SEVERE INJURIES OF PLAINTIFF, STAFFORD. WITH ACTUAL MALICIOUS INTENT TO CAUSE SERIOUS HARM.

FACTUAL ISSUES OF CASE:

On or about June 23, 1999, WHILE THE PLAINTIFF AND VARIOUS OTHER FELLOW INMATES WERE BEING TRANSPORTED BY BUS TO A WORKSITE FROM THE A.D.C., East Arkansas Regional Unit (E.A.R.U.) AT BRICKEY'S, ARKANSAS, AT AROUND 6:00 a.m., THE DEFENDANT, Sgt. Davenport, WHO WAS DRIVING THE BUS WITH THE INMATES, INCLUDING PLAINTIFF, Paul Stafford (STAFFORD), DEFENDANT, Davenport, WHO CAME TO A SUDDEN STOP FOR NO REASON, W/O ANY TRAFFIC AROUND. THE BUS THAT PLAINTIFF WAS ON WAS SUBSEQUENTLY HIT BY Sgt. Andrews, WHO WAS DRIVING A TRUCK AND A TRAILER HOOKED ON IT. PLAINTIFF Stafford WAS THROWN FROM HIS SEAT (there were no seat belts required to be worn on the bus) AND SUFFERED SEVERE NECK AND BACK AND HEAD INJURIES. On or about 7:30 a.m.

On 6-23-99, when the Plaintiff, Stafford and other inmates were seen by Dr. Lee, this doctor only supported or protected the cover-up of the injuries, and thus sent Stafford and the other inmates to the barracks.

On July 24, 1999, Stafford placed in a "sick call" slip to infirmary personnel, and was NOT seen by medical staff. On or about July 26, 1999, Stafford placed in an emergency grievance and another "sick-call" slip and still no answer. Stafford was forced to work beyond his physical capacity and perform field labors, despite his severe injuries. Stafford placed in sick calls on July 27, 28 and 29, 1999, but did not receive the medical treatment that was needed by the fact of severe injuries to the Plaintiff's back, neck and head. Because of such filing of grievances, Plaintiff was transferred from Brickey's to Wrightsville Unit.

On or about July 30, 1999, Stafford was

TRANSFERRED.

TO KEEP FROM LOSING HIS CLASS STATUS, Stafford WAS WORKING IN THE FIELD WITH HIS INJURIES ON August 2, 1999. ON 8-3-99, PLAINTIFF WENT TO THE INFIRMARY FOR ORIENTATION, WENT TO WORK AND WAS CALLED OUT OF LINE FOUR TIMES BECAUSE OF HIS MEDICAL INJURIES. Stafford WAS PUT ON BED REST UNTIL SEEN BY A DOCTOR.

DEFENDANT, Dr. Fort ADMITTED TO NERVE PROBLEMS IN PLAINTIFF'S BACK, WHICH IS CAUSING LOSS OF FEELING IN PLAINTIFF'S FEET AND ANKLES. FOR 14 STRAIGHT DAYS, PLAINTIFF WAS IN A STATE VEHICLE WITHOUT RESTRAINTS, ETC. PLAINTIFF STILL HAS TO ENDURE FIELD LABORS BEYOND HIS PHYSICAL CAPACITY - WITH THE KNOWLEDGE, ACQUIESENSE (AND FAILURE TO CHANGE PLAINTIFF'S MEDICAL CLASSIFICATION) OF DEFENDANTS, Parks AND Jerry (both Parks and Jerry are well aware of plaintiff's condition because of grievance action and sick calls) AND SUCH CAUSES ACTUAL HARM... THUS SUCH IS VIOLATIVE OF PLAINTIFF'S RIGHTS.

C-800-5

ATTACHMENT I

**GRIEVANCE FORM**
UNIT/CENTER **WRIGHTSVILLE**

For Office Use Only
#_____

Date Received _____

NAME (Please Print) **PAUL STAFFORD**   ADC # **92610**

BARRACKS **9**   JOB ASSIGNMENT **3-HOE**

Have you discussed this problem with your immediate supervisor? YES **X** NO ___ NATURE OR DESCRIPTION OF THE PROBLEM:

ON 6-23-99 I WAS INVOLVED IN A BUS/TRUCK AND HORSE TRAILER ACCIDENT AT E.A.R.U., BRICKEYS UNIT. AT OR AROUND 6:00 AM ON 6-23-99 I WAS PUT ON A BUS AT THE SALLYPORT AT BRICKEYS, TO BE TRANSPORTED TO A COTTON FEILD NEAR THE UNIT. WE (35 INMATES, 2 OFFICERS) LEFT THE UNIT (SEE ATTACHED PAGES)

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT?

_____

_____

Inmate Signature _**Paul Stafford**_   Date **8-7-99**

IS THIS AN EMERGENCY SITUATION? YES ___ NO ___ If so, why? (Provide Explanation) _____

_____

(An emergency situation is one in which you may be subject to a substantial risk of physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt, and deliver it without undue delay to the ARO, the Warden/Center Supervisor of, in their absence, to the Unit/Center Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

(To be filled out by Receiving Officer)

RECEIPT FOR EMERGENCY SITUATIONS

OFFICER (Please Print) _____

FROM WHICH INMATE? _____ 92610 ADC # **9-18-99**

DATE _____ TIME _____

Signature of Receiving Officer

AND TURNED LEFT HEADING EAST ON HWY 131. ABOUT A ½ MILE FROM THE UNIT SGT. DAVENPORT (DRIVER OF BUS) SUDDENLY HIT BRAKES TO COME TO A QUICK COMPLETE STOP. REASON FOR THIS SUDDEN STOP I AM NOT AWARE OF, THERE WAS NOTHING IN FRONT OF US THAT I NOTICED, WHICH MAY BE BECAUSE OF MY SEAT POSITION ON THE BUS. AFTER THIS SUDDEN STOP I NOTICED THE SECOND BUS PASSED US ON THE LEFT SIDE OF THE ROAD WITH BRAKES LOCKED UP, THEN I HEARD AND FELT THE JAR OF THE TRUCK AND TRAILER AS IT HIT THE BUS I WAS ON. I WAS THROWN BACK INTO MY SEAT AND THEN THROWN FORWARD INTO THE SEAT IN FRONT OF ME. SGT. DAVENPORT (BUS DRIVER) AND SGT. SPARKMAN GOT OFF THE BUS TO CHECK THE ACCIDENT AND FOUND SGT. ANDREWS (TRUCK DRIVER) PINNED IN THE TRUCK. AROUND 7:30 AM WE WERE TAKEN BACK TO THE UNIT AND PUT IN THE SHOWER/LAUNDRY AREA TO WAIT TO BE SEEN BY THE INFIRMARY. AT 10:30 A.M. I WAS ADMITTED INTO THE INFIRMARY TO FILL OUT AN ACCIDENT REPORT AND SEEN BY DR. LEE. DR. LEE LOOKED AT ME AND ~~SAH~~ SAID "I WOULD BE SORE FOR A FEW DAYS AND GIVEN 2 TYLENOL, TAKE A HOT SHOWER" AND SENT TO THE BARRACKS. I HAD PAIN IN MY BACK, NECK AND HEAD. ON 7-24-99 I PUT A SICK CALL IN THAT I NEVER GOT TO BE SEEN OR ANY ~~ASWER~~ ANSWER. LATER THAT DAY I FILED AN

EMERGENCY GRIEVANCE AND HAVE YET TO GET A RESPONSE. ON 7-26-99 I FILED ANOTHER EMERGENCY GRIEVANCE AND PUT IN ANOTHER SICK CALL TO GET NO ANSWER. WENT TO WORK IN FIELD TO KEEP FROM RECIEVING DISCIPLINARIES TO OBTAIN CLASS STATUS AND TALKED TO SGT. MANN ABOUT BACK PROBLEMS AND ACCIDENTS. I PUT SICK CALLS IN ON 7-27, 28, 29, 30-99. I WAS EXPECTED TO WORK TO KEEP OR OBTAIN CLASS STATUS, BUT COULD NOT BE SEEN BY INFIRMARY OR RECIEVE PROPER MEDICAL EXAMINATION. ON 7-30-99 I WAS TRANSFERED TO WRIGHTSVILLE UNIT FOR REASONS UNKNOWN TO ME. ON 8-1-99 PUT IN SICK CALL. ON 8-2-99 WENT TO WORK TO KEEP FROM LOSING CLASS AND RECIEVING DISCIPLINARY, WAS TOLD BY SGT. MEADOWS TO GET OUT OF LINE, AND LATER SAID I QUIT. ON 8-3-99 CALLED TO INFIRMARY FOR ORIENTATION, WENT TO WORK AND WAS CALLED OUT OF LINE FOUR TIMES DUE TO LACK OF WORK. SGT. MEADOWS GOT ME INTO INFIRMARY FOR BLISTERS ON MY PALMS. I TOLD NURSE ABOUT PROBLEMS AND WAS PUT ON BEDREST TILL I COULD SEE THE DOCTOR.

    DR. FORT AT THE WRIGHTSVILLE UNIT ACKNOLEDGED I DO HAVE A BACK PROBLEM THAT IS BOTHERING MY NERVES CAUSING ME TO LOSE FEELING IN MY FEET AND ANKLES.

    IN THE PAST 14 DAYS I WAS IN A STATE

VEHICLE THAT HAD NO SAFETY RESTRAINTS, WHICH IS IN VIOLATION OF STATE AND FEDERAL LAWS. THIS VEHICLE WAS HIT BY ANOTHER STATE VEHICLE IN WHICH I BELIEVE WAS TO BE "HORSEPLAY" BY STATE OFFICERS, IN WHICH THEY BROUGHT ENDANGERMENT TO MY LIFE AND CAUSED ME BODILY INJURY. I WAS EXAMINED AND IGNORED ABOUT MY INJURY WHILE AT THE BRICKEYS UNIT, THEREFORE NOT RECIEVING PROPER MEDICAL CARE IN THIS CASE. I BELIEVE I WAS TRANSFERRED TO WRIGHTSVILLE UNIT TO TRY TO UNDO THIS WRONG AT THE BRICKEYS UNIT, AND HAVE HAD AND BEEN EXPECTED TO WORK IN THE FIELD TO OBTAIN AND KEEP CLASS STATUS, AND BEEN THREATENED WITH DISCIPLINARIES IF I COULDN'T DO MY WORK, ALSO TOLD TO "GO TO THE HOLE IF I COULDN'T DO THE WORK AND THEN I WOULDN'T HAVE TO WORRY ABOUT DISCIPLINARIES".

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT?

I'D LIKE TO RECIEVE PROPER MEDICAL ATTENTION WITH X-RAYS OF BACK, TRYING TO FIGURE OUT WHAT IS CAUSING ME TO HAVE SHARP PAINS IN BACK, NECK AND HEAD, AND CAUSING ME TO LOSE FEELING IN MY FEET AND ANKLES.

WOULD LIKE TO RECIEVE MY CLASS STATUS IN THE NEXT 30 DAYS WITHOUT BEING THREATENED WITH DISCIPLINARIES FOR NOT BEING ABLE TO DO WORK DUE TO INJURIES CAUSED BY OFFICERS OF THE A.D.C., EVEN IF THIS IS JUST A SQUAD CHANGE, TO 1 OR 4 HOE.

WOULD LIKE TO BE TRANSFERED TO TUCKER UNIT SO I CAN DO WHAT HAS BEEN PUT ON ME BY THE P.P.T.B AND HOPEFULLY BE RELEASED ON PAROLE,

C-800-6
Attachment II

INMATE NAME __P. Stafford__ ADC # __92610__ GRIEVANCE # __WR-99-0607-803__

## WARDEN'S/CENTER SUPERVISOR'S DECISION

In response to your grievance received 8-09-99.

According to Ms. Kenyon, Infirmary Manager, your medical needs have been addressed properly and there is no reason why you cannot perform hoe squad duties.

My records indicate you received class III on 9-10-99. If you will continue to work hard and follow orders, you will have no reason to fear disciplinary action from my officers.

If you are in need of a transfer to the Tucker Unit, I suggest you send a request slip to Mr. Parks, Treatment Coordinator.

If you disagree with this decision, you may appeal within ten (10) days to Mr. Ray Hobbs, Deputy Director Of Institutions, Central Office, ADC.

_____   _____Warden_____   __9-16-99__
Signature of ARO or Warden's/Supervisor's Designee   Title   Date

## INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within five days by filling in the information requested below and mailing it to the appropriate Deputy/Assistant Director. Keep in mind that you are appealing the decision to the original complaint. Do not list additional issues which are not a part of your complaint.

WHY DO YOU NOT AGREE WITH THE RESPONSE?

MEDICAL RECORDS WILL SHOW THAT I SUFFERED SERIOUS INJURIES FROM THIS MATTER. FURTHER, I HAVE BEEN UNABLE AND AM STILL UNABLE TO PERFORM LABORS WHICH ARE BEYOND MY PHYSICAL CAPACITY — see — Jewitt v. Norris, 905 F.2d 1147 (8TH CIR. 1990). CIVIL ACT IS IN ORDER AND I SEEK ACTION.

__P. Stafford__   __92610__   __9-18-99__
Inmate Signature   ADC #   Date